UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **FERNELY FELIZ** | : | |
| | : | **CIVIL ACTION NO.: 26-1784** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **BULLDOG BOXING PROMOTIONS, LLC** | : | |
| | : | |
| Defendant. | : | |

## VERIFIED FIRST AMENDED COMPLAINT

Plaintiff, Fernely Feliz (hereinafter alternatively referred to as either "FELIZ" or "Plaintiff"), by his attorney, Arnold C. Joseph, Esq., for his First Amended Complaint against Defendant, Bulldog Boxing Promotions, LLC (hereinafter alternatively referred to as either "BBP" or "Defendant") states as follows:

### PARTIES

1.      Plaintiff, a professional boxer, is a resident of the State of Connecticut who resides in Danbury, Connecticut.

2.      Upon information and belief Defendant is a New Jersey limited liability company whose address is 79 Elmwood Drive, Livingston, New Jersey, who has represented to Plaintiff that it is a licensed boxing promoter.

### JURISDICTION

3.          This Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### VENUE

4.      Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 (a) (3) because it is a judicial district in which BBP is subject to the Court's jurisdiction and because the parties have agreed and consented, through the Contract at issue herein, that venue is properly laid in the Eastern District of Pennsylvania.

## FACTS COMMON TO ALL COUNTS

## PRELIMINARY STATEMENT

5.      In this Complaint Plaintiff, a professional boxer, who is entering the prime of his professional boxing career, seeks declaratory relief declaring that an Exclusive Promotional Rights Agreement (hereinafter the "Agreement"), entered into between Plaintiff and Defendant, a boxing promoter,  is void *ab initio* and unenforceable because it is illusory and lacks mutuality of  obligation by virtue of various clauses.  Specifically, the Agreement precludes Plaintiff from participating in professional boxing matches unless Defendant sees fit to promote such bouts, however Defendant is allowed to unilaterally determine the number of bouts in which Plaintiff may participate during each year of the Agreement. Plaintiff also seeks injunctive relief enjoining Defendant from taking any steps to enforce the Agreement and preventing Plaintiff from engaging in professional boxing matches.

Additionally, Plaintiff seeks damages for injuries suffered as a result of Defendant's breach of the Agreement.  Specifically, as will be set forth below, the Agreement provided that Defendant was responsible for providing Plaintiff the opportunity to have participated in at least professional boxing matches between November 2021 and November 2025, yet as of the date of this filing has only offered Plaintiff the opportunity to participate in 8 professional boxing matches during that period of time.  As a consequence, thereof Plaintiff has not been compensated for his participation in those bouts and therefore Defendant is liable to Plaintiff for the amount Plaintiff should have received for his participation in those bouts as well as for the amounts which Plaintiff would have earned from ancillary opportunities which would have arisen had he been given an opportunity to participate in those bouts.

## RELEVANT FACTS

### *The Agreement*

7.      On or about October 7, 2021, in reliance on Defendant's representations that:

- it was a licensed boxing promoter; and

-  that it was capable of and willing to give Plaintiff the opportunity to participate in a specific number of

professional boxing bouts during the term of the Agreement

Plaintiff entered into the Agreement with Defendant.  A copy of the Agreement is attached hereto and marked

Exhibit A.

6.    Through the Agreement Plaintiff (defined as "Boxer" therein) granted to Defendant (defined as "Promoter"

therein) the exclusive right to promote all of Plaintiff's professional boxing matches during the term of the

Agreement, thereby precluding Plaintiff, with very limited exceptions, from participating in bouts scheduled or

promoted by any person or entity other than Defendant. (See Exhibit A, ¶¶ 1 and 5).

7.    The Agreement provides, in pertinent part, as follows, with respect to its duration:

> 2.    The original term of this Agreement shall be for FIVE (5) years commencing
> on the date of the first bout after the full execution of this agreement.
>
> a.)    In the event Boxer is rated in the top FIFTEEN (15) World Boxing Association
> ("WBA"), the World Boxing Council ("WBC"), the International Boxing Federations ("IBF") or the
> World Boxing Organization ("WBO") during the term hereof, then this Agreement shall automatically
> be extended for an additional one (1) year period from and after the expiration of the original term.
> b.)    In the event Boxer challenges for the world title of the WBA, WBC, IBF, or WBO or
> an equivalent world sanctioning body in any weight class (with any such world championship title
> sometimes referred to herein as a "Title•) during the term hereof, this Agreement will automatically
> be extended for an additional ONE (1) year period from and after the expiration of the original
> term, and any extension thereof.
> c.)    In the event that at any time during the term of this Agreement and any extension
> thereof, Boxer shall be recognized as a world champion in any weight class, either by the WBC, WBA,
> IBF, WBO, IBO or an equivalent world sanctioning body, then this Agreement shall automatically
> extend for an additional twenty four (24) month period after the expiration of the original term, and any
> extension thereof.
> (See Exhibit A, ¶ 2).

8.    The first bout in which Boxer participated following execution of the Agreement took place in November

2021, therefore the term of the Agreement began on that date.

9.  The Agreement provides as follows with respect to Defendant's obligations to promote boxing events in which
Plaintiff was to participate during the term of the Agreement:

> 3.  Promoter will use reasonable efforts to promote Boxer in FIVE (5) BOUTS in each year of said
> Agreement.  (THE GOAL IS FIGHT AS OFTEN AS POSSIBLE).
> a.  In the event Boxer wins the world title of the WBA, WBC, WBO, IBF, IBO or equivalent world
> sanctioning body, Promoter will use reasonable efforts to promote Boxer in two (2) BOUTS in each year of
> said Agreement.
> (See Exhibit A, ¶ 3).

10. Boxer was to receive the following purse amounts for bouts in which he was to participate:

      7.  Boxer's purses for all BOUTS under this Agreement shall be structured as follows:

        (a)    Boxer's purse for all four (4) round BOUTS under this Agreement shall be $5,000.00 USO (Five-thousand United States Dollars)

        (b)    Boxer's purse for all six (6) round BOUTS under this Agreement shall not be less than $7,500.00 USO (Seven-thousand Five-hundred United States Dollars)

        (c)    Boxer's purse for all eight (8) round BOUTS under this Agreement shall not be less than $10,000.00 (Ten-thousand United States Dollars).

        (d)    Boxer's purse for all ten (10) round BOUTS under this Agreement shall not be less than $12,500.00 (Twelve-thousand Five-hundred United States Dollars)

        (e)    In the event Boxer challenges for an international regional title or any other regional title associated with the 'WBA, 'WBC, WBO or IBF on SHOBOX; purse for bout shall be determined by mutual agreement between boxer and Promoter but will not be less than $15,000 (Fifteen-thousand United States Dollars).

        (f)    In the event Boxer challenges for the 'WBA, WBC, WBO or IBF world titles on **ESPN, DAZN, FOX** or **Showtime Championship Boxing,** Boxer's purse for any such 'WBA, WBC, 'WBO or IBF world title challenge BOUT shall be determined by mutual agreement between Boxer and Promoter but not less than $250,000.00 USO (Two-hundred Fifty-Thousand United States Dollars);

        (g)    In the event Boxer wins the WBA, WBC, WBO or IBF world titles, Boxer's purse for each BOUT in which Boxer is defending any or all of such WBA, 'WBC, WBO or IBF world titles on **ESPN, DAZN, FOX** or **Showtlme Championship Boxing,** shall be determined by mutual agreement between Boxer and Promoter but not less than $500,000.00 USO (Five-Hundred Fifty-Thousand United States Dollars)

11. During the Term of the Agreement Plaintiff has been ready, willing, and able to participate in the number of Bouts specified in the Agreement and has made Defendant aware of his willingness, yet Defendant has only given Plaintiff the opportunity to participate in 8 bouts.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**(Declaratory Judgment of the Agreements lack of enforceability)**

12.    Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

13.    Paragraph 3 of the Agreement, which places no obligation upon Defendant to perform a task (promote a specific number of bouts per year), which is the very essence of the Agreement and the basis of the bargain between Plaintiff and the Defendant, renders the Agreement illusory, lacking in mutual obligation and therefore void *ab initio.*

14.     Plaintiff avers that this provision renders the Agreement illusory and lacking in mutuality of obligation; and consequently, the Agreement is void *ab initio.*

15.     Defendant has advised Plaintiff that it believes that the Agreement is valid and enforceable, and that Plaintiff is subject to the terms and obligations thereof.

16.     By reason of the foregoing, a justiciable controversy exists between adverse parties, which involves a substantial legal right of Plaintiff-to wit the right to engage in his chosen livelihood and earn a living; and Plaintiff therefore seeks a Declaratory Judgment that the Agreement is void *ab initio.*

WHEREFORE Plaintiff seeks an order and judgment in favor of Plaintiff and against Defendant declaring that the Agreement is void.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

17.     Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

18.      Plaintiff and Defendant are parties to the Agreement.

19.     The Agreement provided that Defendant was to provide Plaintiff with the opportunity to participate in at least 20 bouts during the term of the agreement.

20.     Plaintiff has performed all of his obligations under and pursuant to the Agreement and was and is ready, willing, and able to participate in the requisite number of the bouts provided for in the Agreement.

21.      Defendant has failed, without excuse, to perform its obligations to promote the requisite number of bouts as required by the Agreement

22.     As a result of Defendant's breaches, as set forth herein, Plaintiff has suffered and will continue to suffer damages in the form of lost compensation and opportunities.

**WHEREFORE,** for the reasons set forth herein, Plaintiff demands judgment from Defendant in an amount no less than $100,000 and a declaration from the Court that the Agreement is terminated as a result of

Defendant's breach.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAISNT DEFENDANT
### (Claim for Injunctive Relief)

23.    Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

24.    Plaintiff is a professional boxer whose sole source of income is derived from purses which he receives as a result of his participation in professional boxing matches.

25.    Defendant has refused and continues to refuse, without cause to provide Plaintiff with the opportunity to participate in professional boxing matches as set forth in the Agreement.

26.    Defendant has refused to allow Plaintiff to participate in bouts promoted by other persons or entities citing as a reason the existence of the Agreement and its terms and conditions.

27.    Defendant is essentially holding Plaintiff hostage rendering it impossible for Plaintiff to earn a living.

28.    If Defendant is not given an opportunity to participate in Bouts, he will not be able to support himself and he could lose opportunities to fight during the prime of his career and will thus be irreparably harmed.

WHEREFORE, Plaintiff seeks an injunction to prevent Defendants from taking any of the following acts:

1.  Contacting and/or threatening or discouraging any person or entity from entering into any agreement with Plaintiff for Plaintiff's participation in professional boxing bouts pending the outcome of the instant lawsuit; and

2.  Taking any actions to prevent Plaintiff from participating in professional boxing bouts pending the outcome of the instant lawsuit or making any attempts to seize garnish or otherwise interfere with

payments which Plaintiff shall receive as consideration for his participation in professional boxing bouts pending the outcome of this lawsuit.

Dated:  March 3, 2026

/s/Arnold C. Joseph
Arnold C. Joseph, Esq.
Joseph & Associates
1801 Market Street.
Suite 2500
Philadelphia, Pa., 19103
P (215) 380-8334
F (215) 701-2092
*acjoseph8@gmail.com*